**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**TIMCO WORLDWIDE, INC.**

      **Plaintiff,**

**v.**

                                     **CASE NO. 2:10-cv-384-JES/SPC**

**CALVIN O'BANNON, SOUTHWEST**
**FLORIDA FRUIT COMPANY, INC.,**
**GULFSHORE PRODUCE, INC., AKIN-**
**PORTER PRODUCE, INC., ALTO**
**STRAUGHN, STRAUGHN FARMS, LLC,**
**CARL PERRY, and PERRY FARMS, LLC,**

      **Defendants.**

_____/

**CASE MANAGEMENT REPORT**

      The parties have agreed on the following dates and discovery plan pursuant to

Fed.R.Civ.P. 26(f) and Local Rules 3.05(c):

**I. Case Management Schedule:**

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000)** | November 18, 2010 |
| **Certificate of Interested Persons and Corporate Disclosure Statement** | Done |
| **Motions to Add Parties or to Amend Pleadings** | March 31, 2011 |
| **Disclosure of Expert Reports**<br>               Plaintiff:<br>             Defendants: | April 11, 2011<br>April 25, 2011 |
| **Discovery Deadline** | June 6, 2011 |
| **Dispositive Motions, *Daubert*, and *Markman* Motions** | June 27, 2011 |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement** | August 29, 2011 |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Joint Final Pretrial Statement (*Including* a Single Set of Jointly- Proposed Jury Instructions and Verdict Form, Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)** | September 9, 2011 |
| **All Other Motions Including Motions *In Limine*, Trial Briefs** | September 16, 2011 |
| **Final Pretrial Conference** | TBD - Court will set a date |
| **Trial Term Begins** | November 11, 2011 |
| **Estimated Length of Trial**<br>*(add'l trial days may be necessary should bkty proceedings involving Calvin O'Bannon and Southwest Fla. Fruit be completed prior to trial) | 2-3 days* |
| **Jury / Non-Jury** | Jury Trial has been requested |
| **Mediation**                              Deadline: | March 28, 2011 |
| **All Parties Consent to Proceed Before Magistrate Judge** | Yes___        No ___<br><br>Likely to Agree in Future ___ |

## II.     Preliminary Pretrial Conference

Parties stipulate that this matter will proceed under Track Two.  The parties (check one)

[_____] request       [__X__] do not request a preliminary pretrial conference before entry of a

Case Management and Scheduling Order in this Track Two case.  Unresolved issues to be

addressed at such conference include:

None._____

## III.     Pre-Discovery Initial Disclosures of Core Information

### Fed. R. Civ. P. 26(a)(1)(C) – (D) Disclosures

Fed.R.Civ.P. 26, as amended, provides that these disclosures are mandatory in Track Two and

Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the

amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extend that

Rule 3.05 opts out of the mandatory discovery requirements):

The parties _____ have exchanged _X_ agree to exchange information described in

Fed.R.Civ.P. 26(a)(1)(A) – (D) on or before <u>November 18, 2010</u>.

## IV.     Agreed Discovery Plan for Plaintiffs and Defendants

### A.     Certificate of Interested Persons and Corporate Disclosure Statement —

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper – including emergency motion – is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.  Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

__X__ Yes

_____  No     Amended Certificate will be filed by ___ (party) on or before _____ (date).

### B.     Discovery Not Filed —

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.  The Court encourages the exchange of discovery requests on diskette.  *See* Local Rule 3.03(f).  The parties further agree as follows:  N/A.

### C.     Limits on Discovery —

Absent leave of Court, the parties may take no more than ten depositions per side (not per party).  Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b).  Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed.R.Civ.P. 33(a); Local Rule 3.03(a).  Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours.  Fed.R.Civ.P. 30(d)(2).  The parties may agree by stipulation on other limits on discovery.  The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order.  Fed.R.Civ.P. 29.  In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1.    Depositions:    15 per side.  Plaintiff anticipates need to depose non-parties.

2.    Interrogatories:    25 per party

3.    Document Requests: 50 per party

4.    Requests to Admit:  25 per party

5.    Supplementation of Discovery:    None

**D.    Discovery Deadline —**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.  The Court may deny as untimely all motions to compel filed after the discovery deadline.  In addition, the parties agree as follows:

N/A._____

**E.    Disclosure of Expert Testimony —**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e).  Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order.  Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.  The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

Plaintiff:    April 11, 2011

Defendants:    April 25, 2011

**F.    Confidentiality Agreements —**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential.  The Court is a public forum, and disfavors motions to file under seal.  The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need.  *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985).  A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support.  The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential."  There is no need for the Court to endorse the confidentiality agreement.  The Court discourages unnecessary stipulated motions for a protective order.  The Court will enforce appropriate stipulated and signed confidentiality agreements.  *See* Local Rule 4.15.  Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need."  With respect to confidentiality agreements, the parties agree as follows:

The parties do not anticipate the need for confidentiality agreements.

### G.    Electronically Stored Information and Claims of Privilege –

Pursuant to Fed.R.Civ.P. 16, the parties have made the following agreements regarding

the disclosure and discovery of electronically stored information as well as the assertion of

claims of privilege or protection of trial preparation materials after production:

The parties do not anticipate extensive discovery of electronically stored information

beyond production of electronic correspondence (i.e., email) by and between the parties.

### H.    Other Matters Regarding Discovery –

None.

## V.    Settlement and Alternative Dispute Resolution.

### A.    Settlement —

The parties agree that settlement is _ X _ likely _____ unlikely.  The parties have already

commenced settlement discussions but have not arrived at an agreement.

The parties request a settlement conference before a United States Magistrate Judge:

yes _____ no _____ likely to request in future _ X _.

### B.    Arbitration —

Local Rule 8.02(a) defines those civil cases that will be referred to arbitration

automatically.  Does this case fall within the scope of Local Rule 8.02(a)?

yes _____ no _ X _.

For cases **not** falling within the scope of Local Rule 8.02(a), the parties consent to arbitration pursuant to Local Rule 8.02(a)(3) and 8.05(b):   N/A

yes _____ no _X_ likely to agree in future _____.

_____ Binding            _____ Non-Binding.

In any civil case subject to arbitration, the Court may substitute mediation for arbitration upon a determination that the case is susceptible to resolution through mediation.  Local Rule 8.02(b).  The parties agree that this case is susceptible to resolution through mediation, and therefore jointly request mediation in place of arbitration:

yes __X__ no _____ likely to agree in future _____.

**C.       Mediation —**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation.  The list of mediators is available from the Clerk, and is posted on the Court's web site at http: //www.flmd.uscourts.gov.

**D.       Other Alternative Dispute Resolution —**

The parties intend to pursue the following other methods of alternative dispute resolution: Parties anticipate continued efforts to resolve dispute through informal settlement negotiations.

**VI.       Additional Issues.**

On September 22, 2010, the principal debtors Mr. Calvin O'Bannon and Southwest Florida Fruit Co., Inc. filed for Chapter 12 bankruptcy (*In re O'Bannon*, U.S. Bkty Court, M.D. Fla., Case no. 9:10-bk-22590-DHA).  As part of the proceedings before the Bankruptcy Court,

the Debtors requested that Defendant Akin-Porter deposit the funds they hold into the

bankruptcy court.  The Debtors' motion is unopposed.  The parties therefore anticipate that

Defendant Akin-Porter will soon be dismissed pending the Bankruptcy Court's decision.

The proceedings in this matter as they relate to the principal debtors Mr. O'Bannon and

Southwest Florida Fruit Co., Inc. are stayed in light of their bankruptcy filing.

Date:  October 20, 2010.


s/ Craig A. Stokes
Mr. Craig A. Stokes
Florida Bar Number 0122572
Mr. Jessie Lopez
Florida Bar Number 720771
Stokes Law Office LLP
3330 Oakwell Court, Suite 225
San Antonio, Texas  78218
Telephone (210) 804-0011
Facsimile (210) 822-2595
cstokes@stokeslawoffice.com
jlopez@stokeslawoffice.com

*Attorneys for Plaintiff*
*Timco Worldwide, Inc.*


S/ Joel L. Shulman
Mr. Joel L. Shulman
Florida Bar No. 389242
Greenspoon Marder, P.A.
Trade Center South, Suite 700
Fort Lauderdale, FL 33309
Tel: (954) 267-8018
Fax: (954) 267-8019
joel.shulman@gmlaw.com

*Attorneys for Defendants*
*Carl Perry and Perry Farms, LLC*


s/ Kai E. Jacobs
Mr. Kai E. Jacobs
Florida Bar Number 987336
Abadin Cook
9155 Dadeland Blvd.
Dadeland Centre, Suite 1208
Miami, FL 33156
Telephone (305) 671-2137
Facsimile (305) 503-6794
kjacobs@abadincook.com

*Attorneys for Defendant*
*Akin-Porter Produce, Inc.*


s/ Katy Koestner Esquivel
Ms. Katy Koestner Esquivel
Florida Bar Number 0159484
Meuers Law Firm, P.L.
5395 Park Central Court
Naples, FL 34109
Telephone (239) 513-9191
Facsimile (239) 513-8677
kkoestner@meuerslawfirm.com

*Attorneys for Defendant*
*Gulfshore Produce, Inc.*

s/ Ernest A. Sellers
Mr. Ernest A. Sellers
Sellers, Taylor & Morrison, P.A.
Florida Bar No. 072243
108 West Howard Street
Live Oak, FL 32064
Telephone (386) 208-1080
Facsimile (386) 208-1090
Ernest.sellers@suwanneelawyers.com

*Attorneys for Defendants*
*Alto Straughn and Straughn Farms, LLC*

## Certificate of Conference

On October 12, 2010, counsel for Timco Worldwide, Inc.; Gulfshore Produce, Inc.; Alto

Straughn; Straughn Farms, LLC; Carl Perry and Perry Farms, LLC met and conferred regarding

the above Case Management Report.

s/ Craig A. Stokes
Craig A. Stokes

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this the 20th day of October, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing

s/ Craig A. Stokes
Craig A. Stokes

**SERVICE LIST**
**Timco Worldwide, Inc. v. Calvin O'Bannon, et al.,**
**Case 2:10-cv-384-JES/SPC**
**United States District Court, Middle District of Florida**
**Ft. Myers Division**

Mr. Kai E. Jacobs                    *Via ECF*
Abadin Cook
9155 Dadeland Blvd.
Dadeland Centre, Suite 1208
Miami, FL 33156
Attorneys for Defendant Akin-Porter Produce, Inc.


Ms. Katy Koestner Esquivel          *Via ECF*
Meuers Law Firm, P.L.
5395 Park Central Court
Naples, FL 34109
Attorneys for Defendant Gulfshore Produce, Inc.


Michael F. Kayusa, Esq.              *Via ECF*
Post Office Box 2237
Fort Myers, FL 33902
Attorney for Defendant Calvin O'Bannon and Southwest Florida Fruit Company, Inc.


Mr. Ernest A. Seller                 *Via ECF*
Sellers Taylor & Morrison
108 West Howard Street
Live Oak, FL 32064
Attorneys for Defendant Dr. Alto Straughn, and Straughn Farms, LLC


Joel L. Shulman, Esq.                *Via ECF*
Greenspoon Marder, P.A.
100 West Cypress Creek Road, Suite 700
Fort Lauderdale, FL 33309
Attorneys for Defendants Carl Perry and Perry Farms LLC